NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1405

DAMIEN DERON WILLIAMS

VERSUS

REBECCA ANDERSON

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,508
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Leo J. "Trey" Flynn, III
Hesser & Flynn
2820 Jackson Street
Alexandria, LA 71301
(318) 542-4102
COUNSEL FOR PLAINTIFF-APPELLANT:
    Damien Deron Williams

Brian K. Thompson
Attorney at Law
2915 Jackson St.
Alexandria, LA 71301
(318) 473-0052
COUNSEL FOR DEFENDANT-APPELLEE:
    Rebecca Anderson

**PICKETT, Judge.**

Damien Williams, the father of Sky, appeals the judgment of the trial court awarding domiciliary custody of Sky to her mother, Rebecca Anderson.

## STATEMENT OF THE CASE

Ms. Anderson gave birth to a daughter, Sky, in 2004, while she was living with Mr. Williams. Ms. Anderson and Mr. Williams were never married. In 2005, Ms. Anderson and Mr. Williams began living apart. In 2006, Mr. Williams filed a Petition to Establish Paternity and for Joint Custody. Ms. Anderson admitted that Mr. Williams was Sky's father, and the trial court awarded joint custody, naming Ms. Anderson as domiciliary parent.

In 2010, Mr. Williams filed a rule to modify custody, asking that he be named domiciliary parent. Following a trial, the trial court denied the rule and maintained Ms. Anderson as the domiciliary parent. In 2012, Mr. Williams filed another rule to modify custody and for contempt, again seeking to be named domiciliary parent. Following a hearing on January 14, 2013, the trial court again maintained Ms. Anderson as the domiciliary parent in a judgment dated January 22, 2013.

Shortly after that judgment was signed, Sky and Ms. Anderson's three other children were removed by the state pursuant to an Instanter Order dated January 22, 2013. The children were removed because Ms. Anderson had allegedly allowed a man named Willie Stewart to be in the presence of the children in violation of a previous Family Case Plan. Before the child in need of care proceeding was held on March 14, 2013, the state placed Sky with Mr. Williams on February 20, 2014.

The matter was heard in juvenile court on March 14, 2013. Ms. Anderson moved for a directed verdict at the conclusion of the state's case-in-chief. The trial court granted the motion and dismissed the state's case. The juvenile court returned Ms. Anderson's other three children to her custody. With regards to Sky, though, the court's judgment stated:

> IT IS ORDERED, ADJUDGED AND DECREED that the custody of the minor child, Sky Williams, is transferred from the State of Louisiana, Department of Children and Family Services, to Damien Williams; Rebecca Anderson shall have reasonable visitation with the minor child, Sky Williams.
>
> . . . .
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any modification to this judgment shall be decided in civil court in the appropriate suit numbers.

Ms. Anderson filed a rule to modify custody on April 4, 2013. Following a hearing held July 17, 2013, the trial court took the matter under advisement and asked the parties for post-trial briefs specifically discussing the issue of the effect of the juvenile court's ruling. On August 9, 2013, the trial court ruled that the considered decree of January 2013 would be enforced and named Ms. Anderson as the domiciliary parent. In written reasons, the trial court found that the juvenile court judgment granting custody to Mr. Williams was not a considered decree.

Mr. Williams appeals this judgment.

## ASSIGNMENTS OF ERROR

Mr. Williams asserts two assignments of error:

1.  The trial court erred and abused its discretion by concluding the Juvenile Court's transfer of custody to the father was not a permanent placement of custody.

2.  Since the award of custody by the Juvenile Court was a permanent placement, the trial court erred in placing the burden of proof upon the Appellant to prove he should have custody of the minor child.

2

## DISCUSSION

The central issue raised in this appeal is the effect of the judgment of the juvenile court maintaining custody of Sky with Mr. Williams. Mr. Williams argues that this was a "permanent placement" pursuant to La.Ch.Code art. 603(20). He further argues that for Ms. Anderson to seek any change in custody from this order, she should be required to meet the standard of proof enunciated in *Bergeron v. Bergeron*, 492 So.2d 1193, 1200:

> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

Mr. Williams' argument conflates two different legal terms, "permanent placement" in the context of a proceeding pursuant to the Children's Code and a "considered decree of permanent custody" in the context of a custody dispute between parents. A "considered decree" can only be entered after the trial court has heard evidence concerning the fitness of the parents. *Green v. Green*, 95-984 (La.App. 3 Cir. 12/27/95), 666 So.2d 1192, *writ denied*, 96-201 (La. 3/22/96), 669 So.2d 1224. In the case before the juvenile court, the only evidence was presented by the state in an attempt to have the children declared children in need of care. The state failed to meet that burden, so the juvenile court dismissed the case. Without speculating about the intent of the juvenile court in maintaining custody with Mr. Williams, we find the trial court did not abuse its discretion in finding that that judgment was not a considered decree.

3

It follows, therefore, that the trial court did not abuse its discretion in returning to its last considered decree of January 22, 2013, in considering Ms. Anderson's rule for modification of custody. The trial court's familiarity with the parties explains why the juvenile court would specifically defer to it in determining modification of the custody arrangement. Mr. Williams argues in his reply brief that to the extent the trial court required Ms. Anderson to continue to work a family case plan with the state, this should change our consideration of these issues. But this plan was in existence at the time the trial court issued the January 22, 2013 judgment. The trial court did not err.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Williams.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.